UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. **4:21CR00365 RLW/JMB** |
| WAYNE D. LOZIER Jr. and JODY L. SULLIVAN, | ) ) ) ) |
| Defendants. | ) ) |

# INDICTMENT

## COUNT ONE
### (Conspiracy to Kidnap)

The Grand Jury charges that:

Beginning at a time unknown to the Grand Jury, up to and including on or about May 9, 2019, in the Eastern District of Missouri and elsewhere,

**WAYNE D. LOZIER Jr.**
**and**
**JODY L. SULLIVAN,**

the defendants herein, and others known and unknown to the Grand Jury, did knowingly and willfully conspire to knowingly and unlawfully seize, confine, kidnap, abduct and carry away and hold for financial reward R.H., and, in committing and in furtherance of the commission of the offense, traveled in interstate commerce, used means, facilities, and instrumentalities of interstate or foreign commerce, and willfully transported R.H. in interstate commerce, and during the course of and in furtherance of the conspiracy, and to the effect the objects thereof, at least one of the defendants committed at least one overt act, all in violation of Title 18, United States Code, Section 1201(a).

## OVERT ACTS

In furtherance of said conspiracy and to achieve the objectives and purposes thereof, defendants and other persons known and unknown to the Grand Jury committed and caused the commission of the following overt acts in the Eastern District of Missouri and elsewhere:

1. On or about May 9, 2019, defendants Wayne Lozier, Jr. and Jody Sullivan traveled to St. Peters, Missouri to unlawfully seize R.H. from a house in St. Peters and transport him/her to Louisiana.

2. On or about May 9, 2019, Lozier and Sullivan entered the home of J.W. without his/her consent. They found R.H. in the basements and confined his/her movements with handcuffs.

3. On or about May 9, 2019, Lozier and Sullivan forcefully removed R.H. from the home, placed him/her in a SUV, and then drove away.

4. On or about May 9, 2019, shortly after being taken by Lozier and Sullivan, R.H. called his/her own cellular phone, which was still at J.W.'s house. An officer from the St. Peters Police Department (SPPD) was present at the time of the call and he spoke to Lozier who confirmed that they were taking R.H. to Louisiana.

5. On or about May 9, 2019, Lozier told the SPPD officer that he was working for a bail bondsman from St. Tammany Parish, Louisiana.

6. On or about May 9, 2019, the SPPD officer asked Lozier if he had consent to enter J.W.'s residence, after which Lozier abruptly hung up the phone.

7. On or about May 9, 2019, A Sergeant from the Sullivan Police Department (SPD) responded to a call at the Flying J truck stop in Sullivan, Missouri, where Lozier and Sullivan were engage in a violent struggle with R.H., which ultimately resulted in R.H. being tased by

2

Lozier.

8. On or about May 9, 2019, at the Flying J truck stop, Lozier told the SPD sergeant that R.H. had warrants but they were "just misdemeanors."

9. On or about May 9, 2019, Lozier told the SPPD officer that he does not have a bail bondsman license to operate in Missouri.

10. On or about May 9, 2019, the SPPD officer talked to R.H. on the telephone and R.H. said that he/she was currently being held in handcuffs and against his/her will.

11. On or about May 9, 2019, the SPPD officer told Lozier that he was committing several felony crimes by not being licensed in Missouri, entering the residence without permission or legal authority, and transporting R.H. across the state line. The officer also told Lozier and Sullivan that they should bring R.H. back to where they took him/her from.

12. On or about May 9, 2019, after the SPPD officer told Lozier that he was committing felonies by kidnapping R.H., Lozier had someone in Louisiana enter a felony warrant into the NCIC database to justify jailing R.H. There was no legal support for entering this felony warrant, as R.H. only had non-extraditable misdemeanor warrants.

13. On or about May 9, 2019, Lozier engaged in calls via cellular telephone, a means, facility, and instrumentality of interstate commerce, to the owner of the bail bondsman company, who was compensating Lozier and Sullivan for taking R.H. from Missouri and bringing her to Louisiana.

14. On or about May 9, 2019, Lozier and Sullivan dropped R.H. off at the Hinds County jail in Mississippi under the premise that R.H. had warrants and was going to be extradited to Louisiana.

15. On or about May 15, 2019, after approximately six days in jail, R.H. was released

from the Hinds County jail with a blanket and a pair of socks.

In violation of Title 18, United States Code, Section 1201(a), and punishable under Title 18, United States Code, Section 1201(c).

A TRUE BILL.

_____
FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____
ANTHONY BOX, #58575MO
Assistant United States Attorney