UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                                          ) | No.  S1-4:21 CR 365 RLW (JMB) |
| ) | |
| WAYNE D. LOZIER, Jr., and         ) | |
| JODY L. SULLIVAN,                    ) | |
| ) | |
| Defendants.                 ) | |

**ORDER, REPORT, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**[1]

Currently before the Court are two pretrial motions filed on behalf of Defendants Lozier and Sullivan (collectively "Defendants")[2]—a Motion to Dismiss the Indictment [ECF No. 61] and a Motion for a Bill of Particulars [ECF No. 62].  The government opposes both motions.

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

The Defendants are charged by Superseding Indictment with conspiracy to commit the crime of kidnapping (Count One), and kidnapping (Count Two), all in violation of 18 U.S.C. § 1201.  The Grand Jury returned the initial Indictment in this matter on June 16, 2021.  On March 2, 2022, the Grand Jury returned the Superseding Indictment that is at issue herein.  Count One of the Superseding Indictment reads as follows:

The Grand Jury charges that:

---

[1] Pretrial matters have been referred to the undersigned United States Magistrate Judge, under 28 U.S.C. § 636(b).

[2] Defendants are represented by the same attorney.  [See ECF No. 24]

Beginning at a time unknown to the Grand Jury, up to and including May 9, 2019, within the Eastern District of Missouri and elsewhere,

**WAYNE D. LOZIER, Jr.**
**and**
**JODY L. SULLIVAN,**

the Defendants herein, and others known and unknown to the Grand Jury, did knowingly and willfully conspire to unlawfully seize, detain, carry away, and hold R.H., without his/her consent, for a reward, and to transport R.H. in interstate commerce, and at least one of the Defendants committed an overt act to effect the object of the conspiracy.

In violation of Title 18, United States Code, Section 120l(a).

## OVERT ACTS

In furtherance of said conspiracy and to achieve the objectives and purposes thereof, the Defendants and other persons known and unknown to the Grand Jury committed and caused the commission of the following overt acts in the Eastern District of Missouri and elsewhere:

1. On or about May 9, 2019, Defendants Wayne Lozier, Jr. and Jody Sullivan unlawfully seized R.H. from a residence in St. Peters, Missouri, placed him/her in handcuffs, and carried him/her away in a vehicle.

2. On or about May 9, 2019, Defendants Wayne Lozier, Jr. and Jody Sullivan transported R.H. in a vehicle from Missouri to Mississippi while R.H was in handcuffs.

Count Two reads as follows:

The Grand Jury further charges that:

On or about May 9, 2019, within the Eastern District of Missouri and elsewhere,

**WAYNE D. LOZIER, Jr.**
**and**
**JODYL. SULLIVAN,**

the Defendants herein, did unlawfully seize, detain, carry away, and hold R.H., without his/her consent, for a reward, and voluntarily and intentionally transported R.H. in interstate commerce, and in committing or in furtherance of the commission of the offense, used means, facilities, or instrumentalities of interstate commerce.

In violation of Title 18, United States Code, Section 120l(a).

2

The Superseding Indictment and parties' arguments make clear that both charges stem from events occurring on or about May 9, 2019. The information before the Court indicates that Defendants, who are from Louisiana, were working in fugitive recovery on behalf of a bail bondsman. The government alleges that Defendants unlawfully seized a person in Missouri referred to as R.H., and transported R.H. to Mississippi.

On July 15, 2022, the undersigned held a hearing on the pending motions. At Defendants' request and for Defendants' convenience, the hearing was conducted via videoconference. At the outset of the hearing the parties reported that the government had tendered additional discovery to Defendants' attorney, so the hearing was continued until August 11, 2022. On August 8, 2022, Defendants filed a supplemental pleading that addressed some of the new discovery. On August 11, 2022, Defendants appeared, with counsel, before the undersigned. The government was represented by an AUSA. The hearing was again conducted by videoconference for Defendants' convenience. The undersigned heard argument from both parties regarding the pending motions.

The undersigned concludes that the pending motions can be resolved on the existing record. Based on the parties' arguments and written submissions, the undersigned makes the following findings of fact,[3] conclusions of law, recommendation, and order.

**DISCUSSION, CONCLUSIONS OF LAW, ORDER, AND RECOMMENDATION**

**I.     Motion to Dismiss Indictment [ECF No. 61]**

    **A.     Summary of Arguments**

Broadly speaking, Defendants contend that the Superseding Indictment should be dismissed for failure to state an offense, pursuant to Fed. R. Crim. P. 12(b)(c)(B)(v). The

---

[3] The issues before the Court rest on the application of law to the Superseding Indictment and the parties' arguments concerning that Indictment. Any subsidiary factual determinations are included within the following discussion of the issues raised in Defendants' motions.

government counters that the Superseding Indictment alleges all of the essential elements and provides sufficient information to allow Defendants to plead an acquittal or conviction as a bar to future prosecution(s).

A substantial portion of Defendants' argument focuses the kidnapping statute, 18 U.S.C. § 1201(a), which requires the government to prove, inter alia, that the Defendants "unlawfully" seized, detained, and carried away the alleged victim. Defendants argue that their conduct was not unlawful under Missouri law because Missouri only requires a valid surety recovery agent or bail bond license, and Defendants held valid licenses in the State of Louisiana. The government counters that Missouri law requires a valid Missouri license.[4] Defendants contend that Missouri law is not clear in this regard and, therefore, the Rule of Lenity should apply. Both parties agree that engaging in fugitive recovery in Missouri without a license is Class E Felony offense.

The government also proffered another basis for concluding that the Defendants' seizure of the victim, as alleged in the Superseding Indictment, was unlawful. The government contends that, under Missouri law, Defendants were required to provide notice to local law enforcement and failed to do so.[5] The parties agree that a violation of this notice provision is a Class A Misdemeanor. Defendants argue that the government is using the federal kidnapping statute to elevate a misdemeanor to a federal felony with a potential life sentence.

Defendants also argue that the government "faces an insurmountable obstacle in establishing the required element of willfulness." [ECF No. 61-1 at 5] The government counters that the statute requires the government to prove that Defendants willfully transported the victim

---

[4] The government references Mo. Rev. Stat. §§ 374.783 to 374.789. [See ECF No. 68 at 6]

[5] The government references Mo. Rev. Stat. § 374.757.2. [ECF No. 68 at 6-7]

4

in interstate commerce.

In their reply memorandum, Defendants highlight that the bail bondsman who directed Defendants to apprehend the alleged victim is a principal to the offense but was not charged.

**B.     Analysis**

The federal kidnapping statute provides, in relevant part,

> Whoever <u>unlawfully</u> seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person … when –
> (1) the person is <u>willfully</u> transported in interstate or foreign commerce, … or the offender travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense…
> shall be punished by imprisonment for any term of years or for life ….

18 U.S.C. § 1201(a)(1) (emphasis supplied).  The conspiracy provision provides that "[i]f two or more persons conspire to violate this section and one or more of such persons do any overt act to effect the object of the conspiracy, each shall be punished by imprisonment for any term of years or for life." § 1201(c).

"An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." United States v. Sholley-Gonzalez, 996 F.3d 887, 893 (8th Cir. 2021) (cleaned up), cert. denied, 142 S. Ct. 817 (2022); see also Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Leveke, 38 F.4th 662, 669 (8th Cir. 2022) (quoting Sholley-Gonzalez).  Indictments are not reviewed "in a hyper technical fashion and should be 'deemed sufficient unless no reasonable construction can be said to charge the offense.'" United States v, O'Hagan, 139 F.3d 641, 651 (8th Cir. 1998) (quoting United States v. Morris, 18 F.3d 562, 568 (8th Cir. 1994)).  "Furthermore, '[a]n indictment is normally sufficient if its language tracks the

5

statutory language." United States v. Hayes, 574 F.3d 460, 472 (8th Cir. 2009) (quoting United States v. Sewell, 513 F.3d 820, 821 (8th Cir. 2008)).  An indictment is insufficient on its face if a substantive essential element is omitted.  See Sewell, 513 F.3d at 821.  "If an essential element of the charge has been omitted from the indictment, the omission is not cured by the bare citation of the charging statute."  United States v. Zangger, 848 F.2d 923, 925 (8th Cir. 1988); see also O'Hagan, 139 F.3d at 651 (quoting Zangger).

The Superseding Indictment in this matter satisfies the foregoing requirements.  It tracks the statutory language and alleges all of the elements of the offenses charged.  See Eighth Circuit Model Instruction 6.18.1201 Kidnapping (18 U.S.C. § 1201(A)(1)) (2021).[6]  Furthermore, the Superseding Indictment alleges a specific date, victim, and location.  Thus, it confines the conduct at issue sufficiently to allow Defendants to plead a conviction or acquittal as a bar to any future prosecution stemming from the same events.  Finally, Defendants' own motion to dismiss makes clear that Defendants have been sufficiently informed of the charges against which they must defend.  The Superseding Indictment is constitutionally sound.

Defendants do not strenuously contend that the Indictment is defective in the sense that it fails to meet the minimum constitutional threshold.  Rather, Defendants' arguments mount a pretrial challenge to the sufficiency of the government's evidence supporting the charges.  A review of Defendants' arguments concerning the Rule of Lenity illustrates this point.

---

[6] Title 18, United States Code, Section 1201(a)(1) requires that the person kidnapped to be "willfully transported in interstate or foreign commerce."  Thus, the plain text of the statute indicates that the willfulness component applies to the transportation element, not the "unlawfully" element of the offense.  See also United States v. Welch, 10 F.3d 573, 574 (8th Cir. 1993) (explaining that a defendant need not know he crossed a state line, only that he "willfully transport[ed] his victim and, in doing so, travels in interstate commerce") (citation and internal quotations omitted).  Willfully in this context simply means "voluntarily and intentionally."  See Model Instruction 6.18.1201 n.4.

Defendants' Rule of Lenity argument rests on the notion that the Missouri fugitive recovery and bail bond licensing statute is ambiguous. Per Defendants, it is not clear whether Missouri requires a Missouri-issued license or simply a valid license, such as their Louisiana licenses. Therefore, according to Defendants, they could not have reasonably known that their conduct in Missouri was unlawful. But Defendants do not contend that there is a grievous ambiguity in the federal kidnapping statute, which is the statute at issue. See United States v. Morris, 955 F.3d 722, 724 (8th Cir. 2022) (noting that the Rule of Lenity applies to criminal statutes containing a "grievous ambiguity or uncertainty") (citation omitted). Rather, Defendants' argument rests entirely on Missouri licensing law, which in this case is a means of proof for the government perhaps, but not the charging statute. In other words, Defendants ask the Court to look beyond the charge and charging statute and focus on an underlying issue of proof. Thus, Defendants are mounting a pretrial evidentiary challenge to the government's case, not a legal challenge to the charging statute or the sufficiency of the Superseding Indictment.

"The Eighth Circuit has recognized … that 'federal criminal procedure does not provide for a pre-trial determination of sufficiency of the evidence.'" United States v. Robinson, 903 F.Supp.2d 766, 776 (E.D. Mo. 2012) (quoting United States v. Ferro, 252 F.3d 964, 968 (8th Cir. 2001)), aff'd 781 F.3d 453 (8th Cir. 2015); see also United States v. Seawood, 1:17CR42 SNLJ (ACL), 2018 WL 1611672 at *3 (E.D. Mo. Mar. 3, 2015) (explaining that, in criminal cases, a pretrial motion to dismiss is not a proper mechanism to attack the sufficiency of the evidence) (citing United States v. DeLaurentis, 230 F.3d 659, 660 (3d Cir. 2000)). Therefore, pretrial dismissal of an indictment or count on the basis of the alleged adequacy of the government's evidence is "inappropriate … where, as here, the indictment is sufficient on its face." Id.[7]

---

[7] To the extent Defendants' challenge to the Superseding Indictment implies that the

Additionally, the government has proffered an alternative basis for concluding that Defendants' conduct was unlawful—Defendants failed to notify local law enforcement prior to the conduct at issue. Therefore, even if the Court found the Missouri fugitive recovery licensing statute ambiguous or inapplicable, the government would still have a factual allegation that Defendants' conduct was "unlawful" as that term is used in the federal kidnapping statute.

Finally, Defendants have not identified any legal basis for granting them relief because the government did not also seek charges against the bail bondsman who allegedly directed Defendants to apprehend the victim identified in the Superseding Indictment. Charging decisions are largely discretionary and rest with the Executive Branch of our government. See United States v. Williams, 793 F.3d 957, 693 (8th Cir. 2015) (noting in the context of a vindictive prosecution challenge the broad discretion prosecutors enjoy); see also United States v. Lopez-Matias, 522 F.3d 150, 156 (1st Cir. 2008) (in context of administrative regulations governing prosecutors, explaining that "the exercise of prosecutorial discretion is a 'core executive constitutional function'") (quoting United States v. Armstrong, 517 U.S. 456, 465 (1996)).

The Indictment in this matter is legally and constitutionally sufficient. The undersigned respectfully recommends that the Court deny Defendants' Motion to Dismiss the Indictment.

## II. Motion for Bill of Particulars [ECF No. 62]

### A. Summary of Arguments

Defendants also ask the Court to order the government to file a Bill of Particulars.

---

government could not have submitted sufficient evidence to the Grand Jury to support an indictment, such an argument cannot be sustained. See Costello v. United States, 350 U.S. 359, 363-364 (1956). "It has long been settled that an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury." United States v. Nelson, 165 F.3d 1180, 1182 (8th Cir. 1999) (citing Costello); see also Seawood, 2018 WL 1611672 at *3 (quoting Nelson).

8

Defendants identify the following five subjects for which they seek more information:

> (1) for what reason or reasons their apprehension of the fugitive [was] "unlawful," (2) whether it is alleged that [Defendants] held the fugitive for ransom or for reward or for some other unlawful reason, (3) if some other reason is alleged, what is that reason, (4) what role does the government contend was played by the bondsman who hired [Defendants], [and] (5) is that bondsman alleged to be an unindicted coconspirator.

[ECF No. 62 at 4-5]

The government responds that Defendants are aware of its theory of the case and how the Defendants' conduct was "unlawful" under the kidnapping statute. The government also notes that, contrary to the allegations in Defendants' Motion for a Bill of Particulars, numerous reports and documents have been provided in discovery.

**B.   Analysis**

"If a defendant believes that an indictment does not provide enough information to prepare a defense, then he or she may move for a bill of particulars." United States v. Livingstone, 576 F.3d 881, 883 (8th Cir. 2009) (citing Fed. R. Crim. P. 7(f)). "The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial." Id. It is well established that "a bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." Id.; see also United States v. Huggans, 650 F.3d 1210, 1220 (8th Cir. 2011) (quoting same).

The Superseding Indictment alleges two felony offenses—conspiracy to kidnap and kidnapping. The Indictment identifies the relevant date and location of the alleged offenses, as well as all of the other required elements of the offenses. The undersigned accepts that there could possibly be a situation in which the "unlawfully" element of the kidnapping statute might leave a defendant open to surprise. But our Court does not face that situation in this case. It is not disputed

9

that the government has identified a theory of "unlawfulness" and Defendants' own arguments regarding the sufficiency of the Superseding Indictment demonstrate that Defendants are aware of the government's theory.  Simply put, regardless of whether the "unlawfully" element could be problematic in a given case, it is not here.  Defendants are not subject to unfair surprise at trial.

Finally, it is not disputed that the government supplied to Defendants an FBI report of interview with the bail bondsman who reportedly engaged Defendants' services leading to the incident in question.  There is no allegation before the Court that the government has failed to provide all of the discovery it is required to provide under the Federal Rules, relevant statutes, and the Constitution.

The undersigned finds, therefore, that the Superseding Indictment alleges sufficient facts to enable Defendants to understand the nature of the charges and to prepare for trial without any danger of unfair surprise.  See Livingstone, 576 F.3d at 883.  To the extent there was a possibility of surprise, the discovery has filled that gap.  Defendants' Motion for a Bill of Particulars is denied.

## ORDER AND RECOMMENDATION

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Court DENY Defendants' Motion to Dismiss the Indictment [ECF No. 61].

**IT IS HEREBY ORDERED** that Defendants' Motion for a Bill of Particulars [ECF No. 62] is DENIED.

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek review of the Order and Recommendation herein before a United States District Judge.  The parties are advised that they have fourteen (14) days in which to file written objections to the foregoing Order, Report, and Recommendation unless an extension of time for good cause is obtained, and that failure to file

timely objections may result in a waiver of the right to appeal questions of fact.  See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).  See also 28 U.S.C. § 636(b)(1)(A), Fed. R. Crim. P. 59(a).

      This matter will be set for trial by further order of the court, before the Honorable Ronnie L. White, United States District Judge.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this   26th   day of August, 2022.