UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CR-365 RLW |
| | ) | |
| WAYNE D. LOZIER, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This closed criminal case is before the Court on Defendant Wayne D. Lozier Jr.'s Motion for Release Pending Appeal (ECF No. 249). The United States filed a Response in Opposition to the motion (ECF No. 253). Defendant did not file a Reply in support of his motion and the reply time has passed. For the following reasons, the motion is denied.

**Background**

Defendant and co-defendant Jody L. Sullivan were indicted by a federal grand jury in this District in June 2021 on a charge of conspiracy to kidnap, in violation of 18 U.S.C. § 1201(a). Defendant was arrested in the Eastern District of Louisiana and was released on an unsecured appearance bond with conditions. On September 15, 2021, Defendant appeared for arraignment before United States Magistrate Judge John M. Bodenhausen in this District by video conference. Judge Bodenhausen adopted the bond and conditions of release imposed on Defendant in the Eastern District of Louisiana and imposed four additional conditions.

In March 2022, Defendant was arrested in the Eastern District of Louisiana on a petition alleging violations of Defendant's pretrial release conditions, including leaving the Eastern District of Louisiana without permission, continuing to engage in bail bondsman work, and possessing a firearm/dangerous weapon. Defendant was transported to this District, where he

appeared before Judge Bodenhausen for a final bond revocation hearing. Defendant conceded he violated some of the conditions of his pretrial release but contended there was no evidence to suggest there was no condition or combination of conditions available that would reasonably assure his appearance in court and the safety of the community.

Judge Bodenhausen revoked Defendant's pretrial release after he found "by clear and convincing evidence that Defendant willingly violated several, non-technical, conditions of release," posed a danger to the community, and was unlikely to abide by any reasonable condition or combination of conditions. (ECF No. 60 at 4, 5.) Judge Bodenhausen denied Defendant's motion for reconsideration which included, among other things, an exhibit showing that Defendant's Louisiana bail bondsman license had been surrendered and cancelled.

Defendant filed a motion with this Court to revoke Judge Bodenhausen's order of detention pursuant to 18 U.S.C. § 3145(b). After careful de novo review, the Court made the following findings and conclusions and denied Defendant's motion:

> The Court finds that Defendant poses a serious risk of danger to any person or community if he were to be released. Defendant has pending charges in Calcasieu Parish for Aggravated Battery with a dangerous weapon, which are unrelated to the present offense but consist of similar conduct. Defendant's criminal history reflects a pattern of similar activity and shows Defendant's propensity toward violence with arrests for aggravated battery with a dangerous weapon, several simple battery offenses, illegal carrying of a weapon, and harassing communication. Defendant's criminal history also reflects an arrest for impersonating a police officer. In addition, Defendant has a criminal associate in the instant offense with whom he resides.

> Defendant's actions on pretrial release that constitute violations of his release conditions are relevant to the danger he poses to the community. Defendant's actions in engaging in fugitive apprehension are the same kinds of activities and conduct that underlie the charges he is facing in this case. The pretrial release condition ordering that Defendant not engage in fugitive apprehension was a very clear restriction of his activities that he ignored. These violations are made more serious because Defendant also possessed a weapon (the Glock BB Air Pistol) in violation of his pretrial release conditions, and engaged in fugitive apprehension activities outside of the Eastern District of Louisiana, a third violation.

2

>       The nature and extent of Defendant's violations of the pretrial release conditions imposed on him by this Court indicate that Defendant will not comply with pretrial release conditions. This is particularly true because of Defendant's employment history as a bail bondman. Someone who has worked as a bail bondsman for over a decade should understand the importance of not violating pretrial release conditions, including determining where he can and cannot travel. The fact that Defendant has surrendered his bail bondsman's license does not negate the danger he presents to the community.
>
>       The Court also finds Defendant presents a risk of non-appearance if he were released. Defendant has no ties to the Eastern District of Missouri, he owns no property in the Eastern District of Louisiana, he has resided in multiple states and has ties outside of the Eastern District of Louisiana, and he has pending charges in Calcasieu Parish, Louisiana. Further, he is facing a substantial sentence on the charges in the instant offense.
>
>       Based on a de novo review of the entire record, the Court finds the circumstances warrant detention. Clear and convincing evidence demonstrates that no condition or combination of conditions of release will reasonably assure the safety of any other person or the community, and a preponderance of the evidence demonstrates that no condition or combination of conditions of release will reasonably assure the Defendant's appearance as required. See 18 U.S.C. § 3142(f).

Mem. and Order of Nov. 28, 2022 (ECF No. 109), at 9-11.

Defendant was found guilty following a jury trial on Counts 1 and 2 of the Superseding Indictment, charging conspiracy to kidnap in violation of 18 U.S.C. § 1201(a)(1) and (c), and kidnapping in violation of 18 U.S.C. § 1201(a). Defendant appeared for sentencing on January 24, 2024, and the Court sentenced him to a term of 120 months' imprisonment, a downward variance. See Presentence Investigation Report ("PSR"), ECF No. 227 at 13, ¶ 59. According to the PSR, Defendant's Total Offense Level was 34 and his Criminal History Category was I, resulting in a Guidelines imprisonment range of 151 months to 188 months. Defendant was remanded to the custody of the U.S. Marshal after sentencing.

Defendant filed a Notice of Appeal on February 1, 2024, and the instant motion for release on bond pending appeal on March 18, 2024. Defendant is currently confined at Talladega FCI in Talladega, Alabama.

**Legal Standard**

Title 18 of the United States Code, section 3143(b)(1) provides:

**(b) Release or detention pending appeal by the defendant.—(1)** [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).

A defendant bears the burden of establishing that he is entitled to release pending appeal. United States v. Powell, 761 F.2d 1227, 1232 (8th Cir. 1985) (en banc). In discussing § 3143(b)(1), the Eighth Circuit has explained that the "Bail Reform Act of 1984 made it much more difficult for a convicted criminal defendant to obtain his release pending appeal. The Act's intent 'was, bluntly, that fewer convicted persons remain at large while pursuing their appeals.'" United States v. Marshall, 78 F.3d 365, 366 (8th Cir. 1996) (quoting Powell, 761 F.2d at 1231).

The defendant has the burden of showing the merit of the appeal. Powell, 761 F.2d at 1232. To meet this burden, a defendant "must first show that the question presented by the appeal is substantial, in the sense that it is a close question or one that could go either way." Id. at 1233-34. It is insufficient for a defendant to show the issue is fairly debatable, but a defendant is not required to show it is likely that he will prevail on the issue on appeal. Id. at 1234. If the

4

defendant satisfies the first part of the test, "the defendant must then show that the substantial question he or she seeks to present is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." Id.

**Discussion**

Defendant's motion asserts that both parts of the statute are met, as there is clear and convincing evidence he is neither a danger to the community nor a flight risk, and his appeal is not for purposes of delay and raises at least one substantial question of law likely to result in reversal or an order for a new trial.

With respect to the issue of danger to the community, Defendant asserts:

> What is important to note is that most if not all of the issues with respect to dangerousness that this Court considered were tethered to Mr. Lozier's status as a fugitive recovery agent. Given Mr. Lozier's Louisiana license has lapsed while he has been in custody, the incredibly low likelihood that he could receive a fugitive recovery license with a felony conviction, and that his status as a felon prohibits him from possessing firearms, any danger to the community that Mr. Lozier could possibly inflict is remote.

(ECF No. 249 at 7.)

The Court cannot agree with this assertion. Defendant no longer had a bail bondman's license when this Court conducted de novo review of the detention order. The Court expressly found the lack of such a license did not negate the danger Defendant presented to the community for the reasons it explained, and concluded he posed a serious risk of danger to any person or community if released. This conclusion was based in part based on Defendant's criminal history, which showed "a pattern of similar activity" and demonstrated a "propensity toward violence." Since that time, the Court saw and heard evidence at trial, including video and audio recordings of Defendant's actions and statements during commission of the offense of conviction, which

support the conclusion. The Court's concerns about Defendant's propensity toward violence and serious risk of danger to any person or the community were well founded and continue to exist.

In addition, Defendant's conduct while on pretrial release involved him willingly committing multiple violations of the release conditions that Defendant largely admitted but tried to characterize as minor and explain away, leading Judge Bodenhausen to conclude he was "unlikely to abide by any reasonable condition or combination of conditions" (ECF No. 60 at 4, 5), and ultimately leading to revocation of Defendant's pretrial release. There is no reason for the Court to have confidence that Defendant will now change from his pattern of criminal conduct and begin to comply with the law, including the prohibition on carrying a dangerous weapon that he violated while on pretrial release.

In support of the assertion that he is not a flight risk, Defendant states he does not have a history of nonappearance in court, he has a son he has never met who provides an additional deterrent to his potential flight, and his pending Louisiana state criminal matter has been dismissed. Defendant's motion refers to an "Attachment A" to evidence dismissal of the Louisiana state case, but there is no attachment to the motion so this assertion is mere statement of counsel.

Apart from the alleged dismissal of the Louisiana state case, Defendant fails to address the issues the Court previously identified as areas of concern with respect to flight risk: Defendant's lack of ties to the Eastern District of Missouri, he owns no property in the Eastern District of Louisiana, he has resided in multiple states and has ties outside of the Eastern District of Louisiana, and he faced a substantial sentence. Defendant has now received a sentence of 120 months—the first term of incarceration he will serve—which increases the risk Defendant will flee if released. The Court also finds certain evidence presented at trial relevant to the issue of flight risk. A Missouri police officer told Defendant his actions were in violation of the law and

6

directed him to return the victim to Missouri, but Defendant instead took the victim to a jail in Mississippi, abandoned her there, and did not return to Missouri because he feared arrest.

For the foregoing reasons, the Court cannot find by clear and convincing evidence that Defendant is not likely to flee or to pose a danger to the safety of any other person or the community if released. See 18 U.S.C. § 3143(b)(1)(A). As a result, Defendant's motion for release on bond pending appeal must be denied, and it is not necessary for the Court to address the statute's second requirement.

That said, the Court finds Defendant does not meet his burden to establish that the instructional error claim he raises on appeal is a substantial question of law or fact, or further that it is likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. See 18 U.S.C. § 3143(b)(1)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Wayne D. Lozier, Jr.'s Motion for Release Pending Appeal (ECF No. 249) is **DENIED**.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 25th day of April, 2024.